NATCHEZ, JACKSON AND COLUMBUS RAILROAD COMPANY *v.* T. R. BOLLS.

1. JUROR. *Examination as to prejudice. Railroad case.*

In an action against a railroad company it is not admissible for the defendant's counsel to ask jurors tendered for the trial whether they did not, in a suit against the same company just tried, reluctantly return a verdict for the defendant under the instruction of the court, and whether in the absence of such instruction they would have been willing to have found a verdict for the defendant.

2. SAME. *Examination by judge. Competency.*

And where the judge, in such case, after excluding the inquiries of the defendant's counsel, himself asks the jurors whether they feel as free to do justice between the parties as if the litigation were between private parties, and they answer in the affirmative, that is a sufficient test of their freedom from prejudice against the defendant as a corporation.

3. EVIDENCE. *Value of cross-ties appropriated. Proof of circumstance.*

In an action against a railroad company to recover the value of cross-ties which were first rejected but afterward taken and appropriated by the company, the court may permit the plaintiff to prove the price paid him by a third party for cross ties which were accepted by the defendant under a contract with such party, as a circumstance for the jury to consider in arriving at the value of the cross-ties which are the subject of the suit.

4. PRACTICE. *Reopening case. Evidence. Court's discretion.*

A circuit court may, in the exercise of its discretion, permit a plaintiff to reopen his case and prove the value of the property to recover whose value the suit is brought, and if such discretion be not abused this court will not interfere.

5. EVIDENCE. *Failure to show exact liability. Estimate, when allowed.*

When in an action to recover the value of cross-ties appropriated by a railroad company, the plaintiff is unable to prove the exact number taken by the defendant, and the defendant fails to show the number, though able to do so, the jury should not be instructed to find for the defendant because of the plaintiff's failure to make such proof, if his evidence furnish data upon which the jury by an estimate can approximate the number.

APPEAL from the Circuit Court of Hinds County.
HON. T. J. WHARTON, Judge.

The case is stated in the opinion of the court.

*C. S. North,* for the appellant.

It is incumbent upon plaintiff to establish the value of the ties and the number used by the company.

A review of the whole testimony discloses the fact that Bolls neither established the value of his ties nor the number used by the defendants. As to number, his testimony is only as to what were *rejected* and not what were used.

In the court below, plaintiff rested his case without a scintilla of evidence as to the value of rejected ties at the time they were used by defendants or at any other time.

The court, over the objection of defendants, permitted the plaintiff to be recalled for the purpose of proving value.

Plaintiff, when recalled, testified, but wholly failed to establish the value of the ties sued for at the time they were taken.

The true price (or value) of a thing is that for which things of a like nature and quality are usually sold in the place where exposed to sale. Pothier Vente, p 243.

The jury had no proof as to the value of the ties, and their verdict is manifestly erroneous.

Not only were the jury without proof as to the value, but they were wholly without proof as to the number of the rejected ties used by the company.

It was error in the court to refuse the second and third instructions asked by the defendants.

Without these instructions, which covered the all-important points for consideration, to wit : the value and number of ties used by defendants, the jury were at sea without rudder or compass, as their verdict plainly indicates.

*Nugent & McWillie,* on the same side.

1. The constitution declares that the right of trial by jury shall remain inviolate. This jury must be constituted of *impartial* persons, who may be said to be *indifferent* between the parties. He should be *omni exceptione major ;* he should be entirely exempt from every influence calculated to produce the slightest bias toward either party, and with no motive to find a verdict for one or the

other save a sense of duty and justice; he must be impartial and unbiased. *Terriday* v. *Selser,* 4 How. 506; *Childress* v. *Ford,* 10 S. & M. 25.

Now it would seem that, if the end in view be to secure jurors without bias and the slightest prejudice, the question proposed was a perfectly proper one. No juror who wanted to find a verdict against a railroad company in the teeth of the court's instruction is a fair or an impartial juror. It seems to us to be a demonstration against him.

Suppose a man had repeatedly declared that he would never find a verdict in favor of a railroad company, would he be competent to pass upon an issue to which a *railroad was a party?* To ask would seem to answer the question. And if the view we urge be the correct one would it not be competent to prove such declarations? They would, beyond any doubt, indicate the existence of a bias so violent as necessarily to sway the judgment, and that we understand to be the test. *Albrecht* v. *Walker,* 73 Ill. 69; *Robinson* v. *Randall,* 82 Ib. 521.

2. The court should have allowed the defendants to examine the jurors, and not proceeded to shape a question itself—which, of course, resulted in but one way. The defendants had this right, and the exercise of it should not have been prejudiced by the action of the court. The juror's opinion as to his own ability to do justice measured by his *own standard* ought not to be made the test of his freedom from *bias* in any case. His distorted judgment is not to be depended upon.

3. It is clear that the court erred in allowing plaintiff as a witness to testify about the contract prices agreed to be paid him by defendants for good ties. The issue was in respect to the value of *rejected cross-ties* not furnished to the defendants, but which were taken and used by them. The action was *indebitatus assumpsit* for rejected ties appropriated, and the price for good ties had nothing to do with the case. *Cole* v. *Harman,* 8 S. & M. 562; *Dyson's Case,* 4 Cushman 362.

4. The plaintiff closed his case without making any proof whatever as to the value of the rejected ties, and was surprised when the

defendants declined to examine any witnesses.  Plaintiff having thus rested, and the defendants having declined to adduce evidence, the court, on his motion, allowed plaintiff to produce witnesses to prove value, and we objected and reserved the point.  This question is one of considerable importance.  We insist that nothing was left for the plaintiff but a *nonsuit*, and that the judgment below should be reversed and the cause remanded to that end.  *Wood* v. *Gibbs*, 6 Geo. 559; *Pingry* v. *Washburne*, 15 American Decisions 676.

It is too late to offer evidence in court after the testimony has closed.  *Kemble* v. *Lulb*, 3 McLean 272; *State* v. *Beem*, 3 Blackf. 222;  *Com.* v. *Eastman*, 1 Cushing 189; *Jones* v. *Ralfe*, 10 Mo. 623; *Drake* v. *Boyce*, Riley (S. C.) 222; *Muth* v. *Butler*, 4 Humph. 201.

5. It was incumbent on the plaintiff, to make out his case, to prove the number and value of ties taken.  This was not done nor even attempted.

*J. K. McNeely*, for the appellee.

The defendants in the court below, after peremptorily challenging two of the jurors presented to them and without exhausting their challenges, accepted the jury, as counsel said, "under protest." The question propounded by the defendants' counsel was manifestly an incompetent one as a test of the jury.  This case had no connection whatever with the Ross case, and if the question is a competent test then a juror who ever finds against a corporation thereby disqualifies himself forever after as a juryman.  No real objection was made to the jury, and these assignments are mere vapories in which a variety of strange images float around in the minds of counsel.

The record does not show, nor do counsel allege, that any juror who sat in the Ross case was impaneled in this.

The proof as to contract price with Liddell responded to the allegations of the declaration.  The plaintiff alleged his contract with Liddell and the price agreed between them, and it is not contended that the railroad company is obligated by that contract. Any proof that would tend to show the value of the ties at the time of the conversion is competent.

There was no error in modifying the instructions asked by defendants.    46 Miss. 346 ; 49 Miss. 343 ; 52 Miss. 217. ' '

Plaintiff proved to the satisfaction of the jury that the number of ties sued for had been taken and converted by the agents and employees of the railroad company.   Defendants do not deny that they took them, and offered no proof to show that twenty cents was not a fair valuation.   Substantial justice has been done, and this court will not reverse.

The whole spirit of modern jurisprudence is directed to prevent substantial justice from being defeated by adherence to techitical forms, and this tendency is wholesome and wise and should be fostered by the courts.   *Hewit* v. *Cobb*, 40 Miss. 61.

It is not error for the court to allow plaintiff to prove value after defendants had closed their testimony.   He had a right to introduce this testimony in opening his case, but if he did not do so, it was a matter within the discretion of the court whether he should make use of it after the case was closed on the part of defendants.   *Woods* v. *Gibbs*, 6 Geo. 575.

The introduction or exclusion of such evidence at that time is a matter of discretion in the court which cannot be assigned for error.   Ib.

Discretion should be used to bring merits to trial.   51 Miss. 200 ; Andrews' Dig. p. 553, par. 29.

The judge, being present, is the proper authority to decide whether the case ought to be reopened and additional testimony introduced to bring the merits of the case before the jury, and the admittance of such proof is not assignable for error.

The proof as to value was material, and no harm resulted to defendants from its admission.


CHALMERS, J., delivered the opinion of the court.

The suit was by a private person against a railroad corporation. A previous one of the same sort had been tried between one Ross and the same corporation at the same term of the court, when the jury had brought in a verdict in favor of the railroad company under the instructions of the court so to do.

When the jury in the present case was being impaneled, the counsel for the company sought in every way possible to elicit from the jurors then tendered information as to whether they had been members of the Ross jury, and had not with great reluctance found a verdict for the company only because instructed by the court so to do, and whether in the absence of such instructions they had been willing to find a verdict for the railroad. All such questions the court, on motion, excluded, but itself propounded to the jurors the question as to whether they felt as free to do justice between the parties as if it were a litigation between private persons, and upon their answering in the affirmative they were sworn.

The action of the court was correct. All that the parties had a right to ask, to wit: an impartial jury, was secured. The case on trial had nothing to do with the one which had been concluded, and no inquiry in relation to the former case was admissible. If on account of their feeling in that case the jurors were incompetent to try the case then pending, they were equally incompetent in all subsequent cases, and never could sit if challenged in the future. This would have been establishing a new and wholly unwarranted test of competency.

The question put by and satisfactorily answered to the court was all-sufficient.

The suit was for the value of some cross-ties, which had been first rejected but afterward taken and used by the railroad company.

These ties, both good and rejected, had originally been bought of the plaintiff by one Liddell. A portion had been accepted and a portion rejected by the railroad. The present suit was only for the value of those rejected, though afterward taken, but the court allowed the plaintiff to prove, among other things, the price paid to him by Liddell for those which were accepted by the railroad company. There was great difficulty in proving the value of the ties first rejected. The court properly allowed proof of the value of the ties paid for by Liddell as enabling the jury thereby to fix the value of those sued for. It was a mere circumstance in arriving at the value of the others, but was admissible.

The court properly allowed the plaintiff to reopen his case and recall witnesses upon the point of value, he having omitted previously to make proof thereof. It was wholly within the discretion of the court to admit new proof, and we see no abuse of that discretion.

There was much difficulty in telling the exact number of ties taken by the railroad. This number the plaintiff approximated as nearly as he could, and left the exact number to be determined by the jury. This was right, and it was not error to refuse to tell them that they could not find any verdict, because the exact number was not ascertained by the plaintiff. The exact number could readily have been given by the railroad employees, but since they failed to give it, it was certainly competent for the jury to approximate it by an estimate, which they did, the data for that estimate being given them by the witnesses for the plaintiff.

We think that no injustice was done by the verdict and the

*Judgment is affirmed.*